UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL PILANT,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CAESARS ENTERPRISE SERVICES, LLC,<br><br>　　　　　　　　Defendant. | Case No.:  20-CV-2043-CAB-AHG<br><br>**ORDER DENYING SPECIALLY APPEARING RINCON BAND OF LUISENO INDIANS' MOTION TO INTERVENE**<br><br>[Doc. No. 12] |

This matter is before the Court on a motion by specially appearing The Rincon Band of Luiseño Indians (the "Rincon Band") to intervene in this case for the purpose of filing a motion to dismiss for lack of jurisdiction.  The motion to intervene has been fully briefed, and the Court deems it suitable for submission without oral argument.  As discussed below, the motion is denied.

**I.　　Background[1]**

On August 31, 2020, Plaintiff Darrell Pilant filed this lawsuit in San Diego County Superior Court.  The complaint alleges that Defendants Caesars Enterprise Services, LLC ("CES") and Caesars Entertainment, Inc. ("CEI") jointly employed Pilant as senior vice president and general manager of Harrah's Resort SoCal hotel/casino (the "Resort"), which is owned by the Rincon Band, until Pilant's resignation in May 2020.  [Doc. No. 1-5 at ¶¶ 6, 9, 10, 16.]

---

[1] Much of this background is repeated verbatim from the Court's December 1, 2020 order denying Defendants' motion to dismiss for failure to join an indispensable party.

Although it is not expressly alleged in the complaint, it is implied that at some point prior to May 2020, the Resort closed because of the COVID-19 pandemic. In early May 2020, Rincon Band Tribal Chairman Bo Mazzetti informed Pilant that San Diego tribes intended to inform California Governor Gavin Newsom that they planned to reopen their respective casino resorts on or after May 18, 2020. [*Id.* at ¶ 17.] On May 15, 2020, Governor Newsom responded to a letter from San Diego tribal leaders and strongly advised that casinos not be reopened. [*Id.* at ¶ 18.] On May 18, 2020, Pilant expressed his concerns about the health and safety of reopening the Resort to Robert Livingston (Pilant's immediate supervisor), N. Lynne Hughes (Defendants' chief legal officer), and Tom Jenkin (Defendants' global president). [*Id.* at ¶ 19.] Later that day, Hughes and Livingston informed Pilant that Defendants were proceeding with reopening the Resort on May 22, 2020. [*Id.*] Pilant submitted his resignation on May 19, 2020, and then spent the two days assisting with the preparations for reopening the Resort before handing in his gaming badge and other company materials to Livingston on May 21, 2020. [*Id.* at ¶¶ 21, 23.] The Resort ultimately reopened on May 22, 2020. [*Id.* at ¶ 24.]

The complaint names CES and CEI (along with 20 "Does") as defendants and asserts four causes of action: (1) wrongful termination in violation of public policy; (2) violation of California Labor Code § 6310; (3) violation of California Labor Code § 1102.5; and (4) breach of a written employment agreement. The complaint alleges that Defendants constructively terminated Pilant because he opposed the decision to reopen the Resort as endangering the health and safety of employees and the public due to the COVID-19 pandemic. According to Pilant, he "was forced to resign because [Defendants] continued to insist that he reopen the [Resort] despite the health and safety risks." [Doc. No. 1-5 at ¶ 25.]

On October 16, 2020, Defendants removed the case to this court, alleging the existence of subject matter jurisdiction on the basis of a federal question under the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 *et seq.*, and diversity. [Doc. No. 1.] Defendants then moved to dismiss the complaint on two separate grounds: (1) under

Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party; and (2) under Rule 12(b)(2) for lack of personal jurisdiction over either CES or CEI. The Court denied the motion to dismiss under 12(b)(7), and, finding personal jurisdiction over CES but not CEI, granted in part the motion to dismiss under 12(b)(2) and dismissed the claims against CEI.

Although the Court did not base its denial of the 12(b)(7) motion on the failure of the Rincon Band to claim an interest in this litigation itself, the opinion included a footnote explaining that the Rincon Band's failure to do so possibly justified denial of Defendants' motion on that ground alone. [Doc. No. 6 at 5 n.1.] The Rincon Band appears to have misinterpreted that footnote as an invitation to file its own motion to intervene in this litigation, making the many of the same arguments CES and CEI made in their motion to dismiss with the hope of a different outcome. As discussed below, the Rincon Band's motion fails for many of the same reasons Defendants' motion to dismiss was denied.

## II. Discussion

The Rincon Band moves to intervene under Federal Rule of Civil Procedure 24(a)(2). This rule "entitles intervention of right when an applicant: (i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020). "An applicant's '[f]ailure to satisfy any one of the requirements is fatal to the application, and [the court] need not reach the remaining elements if one of the elements is not satisfied.'" *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (quoting *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009)).[2]

---

[2] Both sides dispute whether the Rincon Band has Article III standing to intervene, citing *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S.Ct. 1645 (2017). The parties' reliance on *Town of Chester* may be misplaced. In that case, the Supreme Court held that "an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing." *Town of*

There does not appear to be a material difference between the requirement that a non-party have a "significantly protectable interest" to intervene under Rule 24(a) and the requirement that a non-party have a "legally protected interest" to be deemed necessary under Rule 19(a)(1)(B)(i). *See Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 996 (9th Cir. 2020) ("To come within the bounds of Rule 19(a)(1)(B)(i), the interest of the absent party must be a legally protected interest and not merely some stake in the outcome of the litigation."). To the contrary, the primary difference between these requirements in Rule 19(a) and Rule 24(a) appears to concern who may bring the motion. "[O]nly a party may make a Rule 19 motion," *Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409 (8th Cir. 1995), while a motion to intervene necessarily is filed by a non-party. Moreover, "Federal courts generally construe improper nonparty Rule 19 motions as a motion to intervene under Rule 24." *Herb Reed Enterprises, Inc. v. Bennett*, No. 2:10-CV-1981 JCM RJJ, 2012 WL 5989632, at *5 (D. Nev. Nov. 29, 2012). Thus, the instant motion effectively invites the Court to reconsider its holding that the Rincon Band does not have a legally protectable interest in this lawsuit. The Court declines to do so.

The Rincon Band identifies three interests that it argues are related to the subject matter of this action:

> (1) the question of the applicability of California state law to the governance of activities on the Tribe's Indian lands; (2) the question of whether Pilant may bypass the regulatory and judicial remedies for violations of tribal and federal law available to him; and (3) the question of whether, as a practical matter, a finding that Pilant had a good-faith reason to believe that the resort

---

*Chester, N.Y.*, 137 S. Ct. at 1651. Here, the Rincon Band does not seek any relief from either Pilant or CES. Instead, the Rincon Band seeks to intervene to prevent Pilant from obtaining any relief from CES. It is unclear how Article III standing could be required to intervene only for the purpose of asserting a defense that would result in the dismissal of the Plaintiff's claims. *Cf. Zimmerman v. GJS Grp., Inc.*, No. 217CV00304GMNGWF, 2017 WL 4560136, at *4 (D. Nev. Oct. 11, 2017) (holding that the State of Nevada, which sought to intervene as a defendant, did not need to have Article III standing and that "[w]hether the State has standing to intervene on the side of the Defendants should be analyzed under the doctrine of *parens patriae* and the factors regarding intervention under Rule 24(a)."). In any event, the Court need not consider this issue because the requirements for intervention under Rule 24(a) have not all been satisfied.

>was reopened in a manner that did not adequately protect public health and safety would significantly expose the Tribe to legal and regulatory challenges, including enforcement action.

[Doc. No. 12-1 at 16.] These interests are merely a more specific rephrasing of the argument that Defendants made in their motion to dismiss that the Rincon Band has an interest in this action because Pilant's claims purportedly "cannot be litigated fairly without trampling on the sovereignty of the Rincon Band," and that his claims interfere with "the Rincon Band's management of its essential business." [Doc. No. 3-1 at 15-16.] While these interests may be significantly and legally protectable, for all the reasons set forth in the Court's prior order, they are not sufficiently related to the subject of this lawsuit and will not be impaired by the outcome.

A judgment in favor of Pilant will not impair any of the interests listed by the Rincon Band. Pilant does not assert any claims under tribal or federal law, so the second interest is not implicated. In light of its concession that CES could not have obstructed the re-opening of the Resort and that CES's agreement or disagreement with the decision to reopen is "immaterial" [Doc. No. 12-1 at 10], the Rincon Band fails to explain how any opinion of Pilant (who worked for CES) about the re-opening is any more material (than CES's) to the Rincon Band's interests. The complaint does not ask for, and this case will not result in, a declaration that California state law generally applies to the governance of activities on the Rincon Band's land. Pilant contends only that California law applies to his employment relationship with CES, and the Rincon Band is not a party to that relationship. Moreover, even if this case results in a written opinion concerning Pilant's rights against CES that the Rincon Band does not like or believes to be incorrect, that opinion itself would not harm the Rincon Band's interests. Rather, that opinion would merely be stating what the law already is, regardless of whether this case goes forward.

Put differently, nothing decided in this case will change, reduce, or eliminate any rights the Rincon Band currently has concerning the governance of activities on its land. If California law applies to Pilant's claims (or to anything else related to the Rincon Band's

land), it will not be *because of* any ruling in this case. In reality, the Rincon Band's professed interests are not in the subject matter of this litigation, as required by Rule 24(a), but in the interpretations of law that this litigation may yield and how those interpretations may impact the Rincon Band in cases where it is a party or actually does have a protectable interest. A judgment against Pilant will not provide any benefit to the Rincon Band's interests. *See generally Radich v. Guerrero*, No. 1:14-CV-00020, 2016 WL 3034159, at *2 (D. N. Mar. I. May 27, 2016) ("[A] third-party only has an 'interest' for purposes of Rule 24(a)(2) if it would directly benefit from a decision in its favor."), *aff'd,* 729 F. App'x 623 (9th Cir. 2018).[3]

### III. Conclusion

For the foregoing reasons, and for the reasons set forth in the Court's December 1, 2020 order denying Defendants' motion to dismiss for failure to join an indispensable party, the Court is not persuaded that the Rincon Band has a significantly protectable interest in the subject of this litigation, which concerns only Plaintiff's employment (and termination thereof) with CES. Accordingly, the Rincon Band's motion to intervene is **DENIED**. Plaintiff's request for sanctions under Rule 11 is also **DENIED**.

It is **SO ORDERED**.

Dated: February 8, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[3] Because the Rincon Band fails to establish these requirements for intervention, the Court need not address whether the instant motion is timely or whether the Rincon Band's interests will be adequately represented by existing parties.

6

20-CV-2043-CAB-AHG