UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL PILANT,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CAESARS ENTERPRISE SERVICES, LLC,<br><br>　　　　　　　　　Defendant. | Case No.: 20-CV-2043-CAB-AHG<br><br>**ORDER DENYING SPECIALLY APPEARING RINCON BAND OF LUISENO INDIANS' MOTION TO STAY PENDING APPEAL**<br><br>[Doc. No. 24] |

Upon consideration of the motion by specially appearing The Rincon Band of Luiseño Indians (the "Rincon Band") to stay this case pending their appeal of the Court's order denying the Rincon Band's motion to intervene, the Court does not find that movant has demonstrated that a stay is warranted.

The factors to be considered when deciding whether to stay an order pending an appeal include: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006–07 (9th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "'The first two factors ... are the most critical'; the last two are reached only '[o]nce an applicant satisfies the first two factors.'" *Id.* at 1007 (quoting *Nken*, 556 U.S. at 434-35). The party requesting the stay bears the burden, but a "stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 1006 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).

As to likelihood of success on the merits of the appeal, the Rincon Band acknowledges that its arguments are similar to or the same as those made in Defendant's motion to dismiss [Doc. No. 3] and the Rincon Band's motion to intervene [Doc. No. 12]. The Court has already rejected these arguments, and the instant motion to stay does not persuade the Court to reconsider those holdings. Accordingly, the Court finds that the Rincon Band does not have a likelihood of success on its appeal.

Nor would the Rincon Band suffer irreparable harm if a stay is not granted. The Court has repeatedly found that the Rincon Band does not have a significantly protectable interest in this litigation in which Plaintiff seeks solely a money judgment from Defendant. Because it does not have such an interest, the Rincon Band will not suffer any harm if this litigation proceeds while its appeal is pending.

Because the Rincon Band has not satisfied either of the first two factors for a stay, the Court need not reach the final two factors. The Rincon Band's motion to stay this case pending its appeal of the Court's denial of its motion to intervene is therefore **DENIED**.

The Court further denies the Rincon Band's request for a temporary stay pending its filing of a request to stay before the Ninth Circuit. Although this case is already more than six months old, due to Defendant's and the Rincon Band's largely unsuccessful motion practice, discovery has yet to start, and the early neutral evaluation conference remains four weeks away. The Rincon Band fails to identify anything that may happen in the immediate future that would cause any irreparable harm warranting a stay until the Ninth Circuit is able to consider a stay motion. The parties to this case shall proceed while the Rincon Band's appeal is pending.

It is **SO ORDERED**.

Dated: March 30, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge