UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL PILANT,<br><br>                        Plaintiff,<br><br>v.<br><br>CAESARS ENTERPRISE SERVICES, LLC,<br><br>                        Defendant. | Case No.: 3:20-cv-02043-CAB-AHG<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 30]** |

      Before the Court is the parties' joint[1] motion to continue the Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC"), currently scheduled for April 29, 2021, as well as various pre-conference deadlines, which begin on April 8, 2021. ECF No. 30.

      Parties seeking to continue an ENE must demonstrate good cause. ECF No. 17 at 6 (incorporating by reference ECF No. 10 at 7, "An ENE may be rescheduled only upon a

---

[1] The Court recognizes that "Plaintiff does not join in, but will not oppose, Defendant's motion." ECF No. 30 at 8; *but see* Chmb.R. at 2 ("If only one party is making the request and the other party or parties do not oppose, they should indicate that in the joint motion.") (emphasis added).

showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see, e.g.*, FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

Defendants seek to continue the ENE and CMC, which had already been continued from January 29, 2021 to April 29, 2021. ECF No. 30 at 4–5; ECF No. 17. Of note, Defendants filed their answer in this case on December 15, 2020. ECF No. 8. This district's Civil Local Rules require that an ENE take place within 45 days of the filing of the first answer. Civ.LR. 16.1(c)(1). The current ENE was continued pursuant to the parties' request (*see* ECF Nos. 16, 17), and is already 135 days past Defendants' answer date.

Defendants also seek to continue the pre-conference deadlines. ECF No. 30 at 7 ("[Defendants] should not be required to undergo the significant time and expense of preparing for and participating in the Rule 26(f) conference [due April 8], preparing the joint case management conference statement [due April 19], preparing initial disclosures [due April 22] …"). By filing the motion three days before the date of the affected deadline, the parties failed to follow the Court's Chambers Rules. *Compare* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion no less than seven calendar days before the affected date") (emphasis added) *and* ECF No. 10 at 7 (same) *with* ECF No. 30 at 7 (filing instant motion on April 5, seeking to postpone the Rule 26(f) deadline of April 8).

Defendants seek to continue the ENE and CMC by approximately 45 days because they anticipate filing a Motion to Compel Binding Arbitration. ECF No. 30 at 5. Thus, in case the motion is granted, Defendants seek to avoid the time and expense of attending the Court's videoconference and complying with the associated deadlines. *Id*. The Court is not persuaded that Defendants have shown diligence. On January 4, 2021, Defendants represented to the Court that "[i]f, for any reason, the motions by the Rincon Band [ECF Nos. 12-1, 12-14] are not granted, then [Defendants] will move to compel binding arbitration of this dispute." ECF No. 16 at 2. The Rincon Band's motions were denied on February 8, 2021. ECF No. 22. Defendants provide no explanation for this delay, nor their delay in requesting this continuance, other than noting that they began to work on their motion to compel arbitration on March 30, after a later motion to stay was denied. ECF No. 30 at 5.

As another reason for the extension, Defendants cite the pending appeal to the Ninth Circuit regarding the Court's denial of the Rincon Band's right to intervene. ECF No. 30 at NEF.[2] However, the Court recently denied a stay in this case, rejecting a similar argument. ECF No. 29.

For the reasons set forth above, the Court does not find good cause to continue the ENE, CMC, and related deadlines. As such, the parties' joint motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 6, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[2] The title of the document is "Motion to Continue Early Neutral Evaluation Conference, Case Management Conference, and All Related Dates Due to Pending Jurisdictional Motion by the Rincon Band of Luiseno Indians and the Anticipated Motion by Defendant Caesars Enterprise Services, LLC to Compel Binding Arbitration."