UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL PILANT,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CAESARS ENTERPRISE SERVICES, LLC,<br><br>　　　　　　　Defendant. | Case No.:  3:20-cv-02043-CAB-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE, CASE MANAGEMENT CONFERENCE, AND MOTION TO COMPEL ARBITRATION DEADLINES**<br><br>**[ECF No. 33]** |

Before the Court is the parties' second joint motion to continue the Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC") currently scheduled for April 29, 2021. ECF No. 33. They also seek to continue the briefing schedule for the Defendant's pending motion to compel arbitration (ECF No. 31). ECF No. 33.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 17 at 6 (incorporating by reference ECF No. 10 at 7, "An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see, e.g.*, FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the

1 time").

2     "Good cause" is a non-rigorous standard that has been construed broadly across
3 procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259
4 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to
5 amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth*
6 *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon
7 the moving party's reasons for seeking modification. . . . If that party was not diligent, the
8 inquiry should end.") (internal citation omitted).

9     Here, the parties seek to continue the ENE and CMC, which had already been
10 continued from January 29, 2021 to April 29, 2021. ECF No. 33; *see* ECF No. 17. The
11 parties recently requested to continue the April 29 ENE and CMC, which this Court denied.
12 ECF Nos. 30, 32. Now, the parties seek another continuance because they scheduled a
13 mediation on May 17, 2021 with Ninth Circuit mediator Roxanne Ashe. ECF No. 33 at 2.
14 Plaintiff, Defendant, and third-party Rincon Band will be attending this mediation. *Id.* at
15 3. Therefore, the parties request to continue the ENE and CMC, as well as the motion to
16 compel arbitration briefing and hearing dates, so they can focus their efforts away from
17 litigation and toward resolving this entire dispute in mediation. *Id.* at     2–3.

18     As an initial matter, the parties' motion is deficient. First, the parties failed to provide
19 a declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2
20 (requiring that the joint motion for continuance include a "declaration from counsel seeking
21 the continuance that describes the steps taken to comply with the existing deadlines, and
22 the specific reasons why the deadlines cannot be met"). The Court will take the parties at
23 their word without the required declaration, but will not do so again.

24     Second, the parties failed to lodge a Joint Mediation Plan, as required by the Court's
25 Chambers Rules. Chmb.R. at 2–3 (requiring that, if "the parties request a continuance based
26 on the plan to pursue private mediation, in addition to the joint motion outlined above, the
27 parties shall also lodge [] a Joint Mediation Plan via email [] on the same date they filed
28 the joint motion. The joint plan must state …"). The Court expresses its deep concern in

the parties' blatant disregard for the Court's Chambers Rules.

The Court appreciates that the parties are working in good faith to resolve this dispute through mediation, and finds good cause to continue the ENE, CMC, and deadlines related to Defendant's pending motion to compel arbitration. As such, the parties' joint motion is **GRANTED IN PART** as follows:

1. The parties shall jointly update the Court via email (at efile_goddard@casd.uscourtcourts.gov) regarding the outcome of their upcoming mediation.

2. Plaintiff shall file his Opposition to Defendants' motion to compel arbitration (ECF No. 31) no later than **July 9, 2021**.

3. Defendants shall file their Reply brief in support of their motion to compel arbitration (ECF No. 31) no later than **July 16, 2021**.

4. A hearing date for the motion, originally set for July 12, 2021, is hereby **RESET** for **July 23, 2021** before the Honorable Cathy Ann Bencivengo. *No personal appearances on the July 23, 2021 hearing date should be made.* Upon completion of the briefing, the Court will then take the matter under submission without oral argument pursuant to CivLR 7.1(d)(1).

5. The ENE, originally rescheduled for April 29, 2021, is hereby **RESET** for **July 7, 2021** at **9:30 a.m.** before Magistrate Judge Allison H. Goddard.

6. Since the ENE has been rescheduled, each party's ENE Statements are now due no later than **July 1, 2021**. These statements must conform with the requirements set forth in the Court's original order setting ENE. *See* ECF No. 10 at 3.

7. In the event the case does not settle at the ENE, the Court will immediately thereafter hold a CMC pursuant to FED. R. CIV. P. 16(b). The Court orders the following to occur before the CMC:

    A. The parties must meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **June 9, 2021**.

    B. The parties must file a Joint Case Management Statement by

        **June 28, 2021**. The Joint Case Management Statement must address all points in the "Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard," which can be found on the district court website at: https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf.

    C.    Initial disclosures pursuant to Rule 26(a)(1)(A-D) must occur by **June 23, 2021**.

8.    All named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend the ENE via videoconference. All who attend the ENE must be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions. To facilitate the videoconference ENE, the Court hereby orders as follows:

    A.    The Court will use its official Zoom video conferencing account to hold the ENE. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[1] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[2] There is a cost-free

---

[1]    If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[2]    For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

option for creating a Zoom account.

B. Prior to the start of the ENE, the Court will email each participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the ENE begins.

C. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the conference begins promptly at 9:30 a.m.

D. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[3] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

E. No later than **July 1, 2021**, counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the

---

[3] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

following:

    i. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    ii. An **e-mail address for each participant** to receive the Zoom video conference invitation; and

    iii. A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference.  (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

    iv. A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

F. All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video

conference.

      G.    If the case does not settle during the ENE, the Court will hold the CMC immediately following the ENE with counsel only in the main session.

9.    All procedures and requirements set forth in the Court's Order Setting ENE and CMC (ECF No. 10) remain in place, except as explicitly modified by this order.

**IT IS SO ORDERED.**

Dated: April 13, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge