UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL PILANT,<br><br>                         Plaintiff,<br>v.<br><br>CAESARS ENTERPRISE SERVICES, LLC,<br><br>                         Defendant. | Case No.: 20-CV-2043-CAB-AHG<br><br>**ORDER DENYING MOTION TO VACATE ORDERS**<br><br>[Doc. No. 36] |

This matter is before the Court on a motion by Plaintiff for the Court to vacate the following three orders: (1) a December 1, 2020 order on Defendant's motion to dismiss [Doc. No. 6]; (2) a February 8, 2021 order denying specially appearing Rincon Band of Luiseno Indians' motion to intervene [Doc. No. 22]; and (3) a March 30, 2021 order denying the Rincon Band's motion for a stay [Doc. No. 29] (collectively, the "Orders"). The motion is unopposed, and the Court deems it suitable for submission without oral argument.

Plaintiff states that as a material term of the parties' settlement, he agreed to take the steps necessary to have the Court vacate the Orders. The motion cites no binding authority requiring a district court to vacate the Orders. Rather, Plaintiff merely cites a number of district court cases granting motions to vacate with little analysis, or based on the specific circumstances of the case. According to Plaintiff, "[t]here is no reason, much less a

compelling reason, that these three non-final orders should not be vacated." [Doc. No. 36-1 at 4.] The Court could not disagree more.

First, the Orders are not all "non-final." The February 8, 2021 Order denied the Rincon Band's motion to intervene, which is a final appealable order. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 814 (9th Cir. 2001) ("We have jurisdiction over the denial of a motion to intervene as of right as a final appealable order pursuant to 28 U.S.C. § 1291."). Second, although Plaintiff is correct that the Court has the authority to vacate the Orders, "[d]istrict courts are not required to vacate a prior order in order to facilitate settlement." *Embotteladora Electropura S.A. de C.V. v. Accutek Packaging Equip. Co.*, Inc., No. 316CV00724GPCMSB, 2020 WL 5656578, at *1 (S.D. Cal. Sept. 23, 2020). "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26–27 (1994) (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)).

Here, the motion states that a reason for vacatur is that the citable nature of the Orders "could detrimentally impact [Defendants and the Rincon Band] in the future." [Doc. No. 36-1 at 7.] In other words, the motion contends that the detrimental persuasive impact of what Defendants and the Rincon Band believe to be unfavorable rulings outweigh the public's interest in the Orders and their value to the legal community as a whole. The Court is not persuaded.

"[T]he public interest generally favors public access to judicial records." *Embotteladora Electropura*, 2020 WL 5656578, at *2. "[T]he loser in litigation should [not] be allowed to buy an eraser for the public record." *Mancinelli v. Int'l Bus. Machines Corp.*, 95 F.3d 799, 800 (9th Cir. 1996) (Kleinfeld, J., dissenting). "The eraser thwarts the public interest in publishing results so that the results of litigation are predictable." *Id.* at 801; *see also Allard v. DeLorean*, 884 F.2d 464, 467 (9th Cir. 1989) ("[A] dissatisfied

litigant should not be allowed to destroy the collateral consequences of an adverse judgment by destroying his own right to appeal."). The public interest in the Orders overwhelmingly outweighs Defendants' and the Rincon Band's desire to preclude litigants and Courts from referring to the Orders in future litigation.

Plaintiff also contends that the public interest would be served because of the public policy of encouraging settlement and conserving judicial resources. Once again, the Court is not persuaded. As another district court explained when rejecting this argument in an employment case:

> True, settlement will conserve Ninth Circuit resources that would be expended in deciding this appeal. But, while the issues presented were not overly complex, considerable effort went into the preparation of the orders in question. Although those decisions are not binding precedent, they may nevertheless provide persuasive guidance to other courts or to other parties in similar circumstances. Denying vacatur might encourage other similarly situated employees to come forward with claims, and [Defendants] may have a legitimate interest in foreclosing that possibility. Vacating those decisions, however, may mean that other courts will be required to decide the issues over again; and, the public has an interest in knowing whether or not this court got it right. The undersigned recognizes that there is a strong interest in encouraging settlement. But, under the circumstances presented here, this court finds that of greater concern is the interest in preventing possibly needless litigation and the waste of judicial and public resources.

*Roberts v. Trimac Transportation Servs. (W.), Inc.*, No. 5:12-CV-05302 HRL, 2014 WL 6068483, at *2 (N.D. Cal. June 30, 2014).

In sum, the motion "makes no attempt to hide the fact that it seeks to buy an eraser for the public record through conditional settlement." *Embotteladora Electropura*, 2020 WL 5656578, at *2 (internal brackets, quotation marks, and citation omitted). Allowing Defendants and the Rincon Band to employ "vacatur as a refined form of collateral attack on the [Orders] would—quite apart from any considerations of fairness to the parties—disturb the orderly operation of the federal judicial system." *U.S. Bancorp Mortg. Co.*, 513

U.S. 18, 27.  The motion therefore fails to demonstrate that the public interest warrants vacating the Orders.

Accordingly, the motion to vacate the Orders is **DENIED**.

It is **SO ORDERED**.

Dated:  June 14, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge